UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| AWEIS JAILANI, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:20-cv-00055-TWP-DML |
| QFS TRANSPORTATION, LLC | ) ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

This matter is before the Court on Plaintiff Aweis Jailani's ("Jailani") Motion to Remand to State Court.  (Filing No. 10.)  Defendant QFS Transportation, LLC ("QFS") filed a Notice of Removal and removed the lawsuit from state court to federal court based on federal-question jurisdiction.  Jailani asserts that a forum selection clause effects a waiver of QFS's right to remove this case to federal court.  For the reasons stated below, Jailani's Motion is **granted.**

## I.    BACKGROUND

On October 31, 2017, Jailani and QFS entered into a written agreement (the "Agreement"), in which Jailani agreed to provide certain equipment and services to QFS.  On February 4, 2020, Jailani filed a Complaint initiating this action in the Circuit Court for Dearborn County, Indiana, under Cause No. 15C01-2002-PL-000013.  (Filing No. 1-1.)  Jailani  alleged that QFS, a trucking company, (1) violated 49 U.S.C. § 14704, the Truth-in-Leasing Act, and related regulations; (2) breached its Agreements with trucking owner-operator Jailani, and class members; (3) converted funds belonging to Jailani and class members; and (4) breached its fiduciary duties to Jailani and class members.  On March 4, 2020, QFS filed a Notice of Removal removing the action to federal court.  (Filing No. 1.)  QFS asserts this Court has original jurisdiction over the lawsuit because

Count 1 of the Complaint arises under the laws of the United States.  28 U.S.C. § 1331.  (Filing No. 1 at 1.)  QFS further contends this Court has supplemental jurisdiction over the claims asserted in Counts 2, 3, and 4 under 28 U.S.C. § 1367 because those claims were so related to the federal claim set forth in Court 1 that they form part of the same case or controversy.  (Filing No. 1 at 2.)

Jailani filed the instant Motion to Remand to State Court on March 18, 2020, asserting that a forum selection clause contained in the parties' signed Agreement effects a waiver of QFS's right to remove this case to federal court, and Jailani asks the Court to remand the case back to the Circuit Court of Dearborn County. (Filing No. 10.)

## II.   LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ."  28 U.S.C. § 1446(a).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."  *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).  The burden is on the party seeking to remove, and the case should be remanded if there is

doubt as to the right of removal.  *Kenro, Inc. v. Fax Daily, Inc.,* 904 F.Supp. 912, 913 (S.D. Ind.

1995) (citing *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993).

## I.   <u>DISCUSSION</u>

Jailani does not dispute that this case presents a federal question or that ordinarily, this

Court would have the power to exercise supplemental jurisdiction.  However, Jailani asserts that

each of the claims brought by him in the Complaint against QFS arise from obligations imposed

under the Agreement signed by both Jailani and QFS, and that Agreement contained a forum

selection clause.  The forum selection clause states:

> Contractor and Company agree that any action at law or in equity with regard to
> this Agreement or with regard to any rights, claims, payments, duties, or liabilities
> thereunder, or regarding the interpretation or construction of any terms of this
> Agreement, shall be governed by the laws of the State of Indiana, and any dispute
> hereunder shall be brought in a court of competent jurisdiction in Dearborn County,
> Indiana.

([Filing No. 1-1 at 24](#) ¶ 24(a)).  Thus, Jailani argues this forum selection clause supersedes QFS's

right to remove this case to federal court.

The appropriate basis for enforcing a forum selection clause "pointing to a state... forum is

through the doctrine of *forum non conveniens.*"  *Atlantic Marine Const. Co., Inc. v. U.S. Dist.*

*Court for W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013); *Mueller v. Apple Leisure Corp.*, 880 F.3d

890, 892 (7th Cir. 2018) ("A forum-selection clause channeling litigation to a nonfederal forum is

enforced through the doctrine of *forum non conveniens*").  While application of the doctrine

frequently requires dismissal because federal courts may not transfer cases to state courts, remand

is an appropriate remedy where, as here, the case has been removed from an agreed

forum.  *Cf. Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 252 (7th Cir.

1996) ("Enforcing a forum selection clause in a contract is a permissible basis for remand").

Unlike most federal courts of appeals, the Seventh Circuit requires courts to assess the

validity of a forum selection clause under state law and then determine whether it should be enforced pursuant to the federal common law doctrine of *forum non conveniens*. *IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 609 (7th Cir. 2006) (recognizing circuit split); *Harding Materials, Inc. v. Reliable Asphalt Prods., Inc.*, 2017 WL 495787, at *2-3 (S.D. Ind. 2017) (discussing circuit split and explaining difference between a motion to transfer pursuant to federal statute and a motion pursuant to *forum non conveniens*).  Jailani argues that QFS has provided no basis for questioning the validity of the forum selection clause under Indiana law.

The *forum non conveniens* test requires consideration of various "private" and "public" interests.  *Gonzalez v. Landes Foods, LLC*, No. 1:18-CV-00196-JMS-DML, 2018 WL 1312207, at *3 (S.D. Ind. Mar. 14, 2018).  Ordinarily, the district court weighs the relevant factors and decides whether, on balance, a transfer would serve the convenience of parties and witnesses, and otherwise promote the interests of justice.  *Atlantic Marine*, 571 U.S. at 62.  However, the United States Supreme Court held in *Atlantic Marine* that courts must ignore "arguments about the parties' private interests" where they have agreed to a forum selection clause because by their agreement the parties "waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."  571 U.S. 49, 64 (2013). The enforcement of a valid forum-selection clause, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system. *Id.* at 63. "A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum."  *Id.* at 64.

"As a consequence, a district court may consider arguments about public-interest factors only" when balancing the interests of justice. *Id.* Here, QFS has not identified any public interests factors—court congestion, local interest, and court's knowledge of the law—to justify overriding

4

the agreed upon choice of forum. *Id.* at 62 n. 6 (citing the public interest factors to consider). Additionally, public-interest factors "rarely defeat a transfer motion," thus "the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 64.

In Indiana, forum-selection clauses are enforceable so long as (1) they are reasonable and just under the circumstances, (2) there is no evidence of fraud or overreaching such that enforcement would deprive a resisting party of a day in court, and (3) the clause is freely negotiated. *Adsit Co., Inc., v. Gustin*, 874 N.E.2d 1018, 1022 (Ind. Ct. App. 2007). The presence of fraud, overreaching or involuntariness in negotiating a forum-selection clause would thus be considered "unusual cases" under *Atlantic Marine*. However QFS has pointed to no evidence that remand to the Circuit Court of Dearborn County would be unreasonable or unjust under the circumstances, that any fraud or overreaching would deprive it of its day in court, or that the forum selection clause was not freely negotiated. In fact, QFS was the drafter of the forum selection clause in the Agreement. Thus, in the absence of a statute or judicial decision embodying a strong public policy that would be undermined by enforcing the forum selection clause, the parties' valid forum selection clause should be given full effect. *See Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

Jailani maintains that the Circuit Court of Dearborn County was the agreed upon forum, and therefore the case should be remanded back to state court. (Filing No. 10.) Relying on *MPACT Construction Group LLC v. Superior Concrete Constructors, Inc,* he argues because QFS drafted the forum selection clause at issue in this case, if there is any ambiguity in the clause, it must be construed against QFS, *i.e.,* in favor of remand. 802 N.E.2d 901, 910 (Ind. 2004). This incorporates the well-established contract principle of *contra proferentum* by which a drafting

party must be prepared to have ambiguities construed against it.  *Wilbur v. Toyota Motor Sales, U.S.A., Inc*, 86 F.3d 23, 27 (2d Cir. 1996) (citing *Restatement (Second) of Contracts* § 206 (1981)).

QFS contends that Jailani's argument fails because the forum selection clause does not provide that the courts in Dearborn County are the "exclusive" forum for resolving the parties' disputes. (Filing No. 12.)  QFS argues that the parties did not expressly waive their right to remove to federal court a lawsuit filed in the Dearborn Circuit Court, stating "[t]he right to file suit in a particular forum is not equivalent to the right to avoid removal from that forum."  (Filing No. 12 at 4) (quoting *Cruthis v. Metro. Life Ins. Co.*, 356 F.3d 816, 819 (7th Cir. 2004)). QFS points out that courts have held that "although a party may waive the right to remove a case to federal court, any waiver must be clear and unequivocal."  *Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 885 (6th Cir. 2009) (denying motion to remand because clause stating disputes "shall be resolved in Ohio state courts" did not constitute a waiver).  A waiver of the right to removal must be clear and unequivocal and must contain obligatory language mandating a particular forum as the exclusive forum.  *Piechur v. Redbox Automated Retail, LLC*, No. 09-CV-984-JPG, 2010 WL 706047, at *3 (S.D. Ill. Feb. 24, 2010).

QFS asserts the Agreement's forum selection clause that provides "any dispute hereunder shall be brought in a court of competent jurisdiction in Dearborn County, Indiana," has no language to indicate that any particular forum will be exclusive or that the parties waive their right to removal.  (Filing No. 12 at 5.)  Relying on *Precision Drone, LLC v. Channel Masters, LLC*, QFS argues this Court should deny the motion to remand to state court as was decided in *Precision Drone*. No. 1:15-CV-00476-LJM, 2015 WL 3886124, at *1 (S.D. Ind. June 23, 2015). In  Precision Drone, the court held defendant properly removed the action despite a forum selection clause determining that "venue shall lie in the Superior Courts of Hamilton County, Indiana" because the

6

court had original jurisdiction. *Id.* at 3. However, *Precision Drone* is distinguished from the circumstances here, because the court determined that the parties' dispute was not governed by the agreement containing the forum selection clause, not because it determined the forum selection clause was unenforceable. 2015 WL 3886124, at *6. In this matter, each of the claims brought by Jailani against QFS arise from obligations imposed under the Agreement, thus *Precision Drone* is dissimilar. (Filing No. 10 at 1.)

QFS's argument also fails in light of paragraphs 24(a) and 24(b) of the Agreement. Paragraph 24(a) provides the Agreement "*shall* be governed by the laws of the State of Indiana" and "any dispute hereunder *shall* be brought in a court of competent jurisdiction in Dearborn County, Indiana." (Filing No. 1-1 at 24 ¶ 24(a)) (emphasis added). This Court has previously held a forum selection clause using the word "shall" confers jurisdiction to the court stipulated in the forum selection clause. *See Wats/800 Voice Am.*, 867 F. Supp. 811, 812 (S.D. Ind. 1993). There, the Court held "where words or terms having a definite legal meaning and effect are knowingly used in a written instrument, the parties … will be presumed to have intended such words or terms to have their proper legal meaning and effect, in the absence of any contrary intention appearing in the instrument." *Id*. (quoting *Cunningham v. New York Central R.R.*, 48 N.E.2d 176, 180 (Ind. App. In banc 1943). The Court stated it believed "when parties specify that a suit may only be commenced in a particular court, that it is their intent that it be resolved in that court." *Id.* at 813.

In conjunction with paragraph 24(a), paragraph 24(b) states:

> In the event that Contractor files an action against Company in any court other than in Dearborn County, Indiana, Contractor agrees to reimburse Company, upon demand, for Company's attorney fees and expenses which it incurs in seeking transfer of such action to Dearborn County, Indiana, regardless of which party prevails in the action.

(Filing No. 1-1 at 24 ¶ 24(b)).  Although the parties did not explicitly state that the state courts in Dearborn County were the "exclusive" jurisdiction for their disputes, the Agreement drafted by QFS stipulated that in the event Jailani filed an action in any other court, he would be obligated to pay the attorney fees and expenses of QFS that it incurred in seeking transfer of such action back to Dearborn County, Indiana.  This clause infers that Dearborn County is the exclusive forum.  Additionally, any ambiguity in the forum selection clause would be construed against QFS, the drafter.

The forum selection clause agreed upon by the parties is valid and enforceable.  Under *Atlantic Marine*, "a valid forum selection clause should be given controlling weight in all but the most exceptional cases."  571 U.S. at 581.  Because the parties agreed in writing that the only jurisdiction and venue for any dispute that arose between them would be Dearborn County, Indiana, QFS waived jurisdiction and venue in any other place, including this Court.  *See Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 681 (4th Cir. 2018) ("in the removal context, an enforceable forum-selection clause essentially operates as an affirmative defense to removal – subject-matter jurisdiction exists, but the forum-selection clause effects as waiver of the defendant's right to ask the court to exercise that jurisdiction.").  Accordingly, QFS's removal to this Court was not proper, and this case shall be remanded to Dearborn County Circuit Court.

## II.   CONCLUSION

For the reasons stated above, Plaintiff Aweis Jailani's Motion to Remand to State Court (Filing No. 10) is **GRANTED**.

**SO ORDERED.**

Date:  6/2/2020

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Anne Medlin Lowe
RILEY WILLIAMS & PIATT, LLC
alowe@rwp-law.com

Eric K. Habig
BECK ROCKER & HABIG, P.C.
ehabig@beckrocker.com

William N. Riley
RILEY WILLIAMS & PIATT, LLC
wriley@rwp-law.com

Darren Andrew Craig
FROST BROWN TODD LLC
dcraig@fbtlaw.com

Eric A. Baker
FROST BROWN TODD LLC
ebaker@fbtlaw.com